UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NAV N GO KFT., a Hungarian limited liability company, | |
| Plaintiff, | 2:08-CV-01384-LRH-LRL |
| v. | ORDER |
| MIO TECHNOLOGY USA, LTD, a California corporation, | |
| Defendant. | |

Presently before the court is Defendant's Emergency Motion to Seal Exhibit A to the Declaration of James Yuan (#11[1]).  Plaintiff does not oppose the motion and requests that the court immediately seal Exhibit A (#14).

Exhibit A is a navigation software licensing agreement entered into by Plaintiff and Defendant.  The licensing agreement includes a confidentiality provision.  Defendant asks the court to seal immediately Exhibit A, to strike Exhibit A from the record, and to permit Defendant to re-file Exhibit A under seal.  In support of the motion to seal Defendant argues that "[i]t is imperative to keep [the contents of the Licensing Agreement] confidential so that the marketing, pricing and licensing strategies of the litigants are not revealed to the general public.  The information

---

[1] Refers to the court's docket

contained in these documents is confidential and proprietary and could potentially harm Defendant or Plaintiff's business if revealed . . . and may expose Defendant to civil liability." (Def.'s Mot. to File Under Seal (#11) at 3.)

In *Pintos v. Pacific Creditors Ass'n*, 504 F.3d 792 (9th Cir. 2007), the Ninth Circuit set forth the burden a party must meet in order to file under seal a document in connection with a dispositive motion: The party must "overcome a strong presumption of access by showing that compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure. . . . Under the 'compelling reasons' standard, a district court must weigh relevant factors, base its decision on a compelling reason, and articulate the factual basis for its ruling . . . without relying on hypothesis or conjecture." *Id.* at 802 (internal quotation marks and citations omitted). The Ninth Circuit further elaborated that "'[r]elevant factors' include the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.* at 802 n.9 (internal quotation marks omitted).

While the entirety of the licensing agreement attached as Exhibit A may warrant sealing, no attempt has been made to identify specific portions of the agreement that are confidential or proprietary to the point that they would support a sealing order by the court. The court notes that the "existence of a contractual confidentiality provision, standing alone, cannot constitute a 'compelling reason'" to seal the licensing agreement. *In re Azabu Bldgs. Co., Ltd.*, 47 Bankr. D.Haw. 241 (2007). "By enforcing such a provision without additional justification, the court would abdicate to the parties its duty to preserve public access to judicial records." *Id.*

Defendant bears the burden of showing why documents should be sealed. *See Pintos v. Pac. Creditors Ass'n,* 504 F.3d 792, 801-802 (9th Cir. 2007). While the court will order sealing of confidential and proprietary information, it is not inclined to guess at what is considered to be confidential and proprietary nor will it enter a blanket order sealing a document that appears to

1  contain limited confidential or proprietary information.  *Cf. Foltz v. State Farm Mut. Auto Ins. Co.*,
2  331 F.3d 1122, 1137 (9th Cir. 2003) (concluding that a district court abused its discretion by
3  entering a blanket order sealing records when the district court could have required redaction with
4  minimal effort).
5        IT IS THEREFORE ORDERED that Defendant's Emergency Motion to Seal Exhibit A
6  (#11) is DENIED.  Leave is granted to Defendant to file another motion seeking sealing within ten
7  (10) days of the entry of this Order.
8        IT IS SO ORDERED.
9        DATED this 13th day of November, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE