1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NAV N GO KFT., a Hungarian limited
liability company,

           Plaintiff,

 v.

MIO TECHNOLOGY USA, LTD., a
California corporation,

           Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

2:08-cv-01384-LRH-LRL

ORDER

15       On June 11, 2009, the court entered an order (#39[1]) addressing several outstanding motions,

16 including a motion for preliminary injunction filed by Plaintiff Nav N Go Kft.  In the order, the

17 court found that a preliminary injunction was warranted.  However, the court delayed issuing the

18 preliminary injunction until the parties filed additional briefing concerning the amount of security

19 appropriate to protect Defendant Mio Technology USA's interests.

20       In response, Defendant filed the Motion to Reconsider (#44) now before the court.  Plaintiff

21 has filed a Motion to Strike the Motion to Reconsider (#47) and a "Statement" addressing the

22 amount of security required for the issuance of a preliminary injunction (#46).

23       While the Federal Rules of Civil Procedure do not explicitly recognize a motion to

24 reconsider, this court has the inherent power to revise, correct, and alter interlocutory orders at any

25

26

---

[1]Refers to the court's docket entry number.

1   time prior to entry of a final judgment.  *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th

2   Cir. 1958); *Santamarina v. Sera, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006).  This

3   authority is governed by the law of the case doctrine under which a court will generally not

4   reexamine an issue previously decided by the same or higher court in the same case.  *Lucas Auto.*

5   *Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v.*

6   *Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998).  However, a court may have discretion to depart from

7   the law of case when (1) the first decision was clearly erroneous, (2) there has been an intervening

8   change of law, (3) the evidence on remand is substantially different, (4) other changed

9   circumstances exist, or (5) a manifest injustice would otherwise result.  *Cuddy*, 147 F.3d at 1114.

10       In the motion to reconsider, Defendant raises legal arguments and presents evidence not

11   previously included in its original briefs.  In particular, Defendant now argues the following: (1)

12   Plaintiff misled the court with regard to its relationship to and interactions with Defendant and with

13   regard to Defendant's actions in allegedly violating Plaintiff's copyright; (2) Plaintiff has failed to

14   establish that it has a valid copyright; and (3) Defendant's actions are privileged under the "first

15   sale" doctrine.

16       A motion to reconsider is not a vehicle for parties to make new arguments and present new

17   evidence that could have been included in their original briefs.  Thus, "A [motion for

18   reconsideration] may not be used to raise arguments or present evidence for the first time when

19   they could reasonably have been raised earlier in the litigation."  *Kona Enterprises, Inc. v. Estate of*

20   *Bishop*, 229 F.3d 877 (9th Cir. 2000) (citation omitted)*.  See also Carroll v. Nakatani*, 342 F.3d

21   934, 945 (9th Cir. 2003) (citation omitted) ("A [motion to reconsider] may not be used to raise

22   arguments or present evidence for the first time when they could reasonably have been raised

23   earlier in the litigation."); *Zimmerman v. City of Oakland*, 255 F.734, 740 (9th Cir. 2001) (citations

24   omitted) ("A district court does not abuse its discretion when it disregards legal arguments made

25   for the first time on a motion to amend [judgment] . . . , and a party that fails to introduce facts in a

26

2

1  motion or opposition cannot introduce them later in a motion to amend by claiming that they

2  constitute 'newly discovered evidence' unless they were previously unavailable.")

3          Here, Defendant has failed to explain how the evidence and arguments submitted in its

4  motion to reconsider were not reasonably available earlier in the litigation.  To the contrary, none

5  of the evidence submitted by Defendant appears to have arisen recently, and the evidence appears

6  to have been readily attainable by Defendant.  In addition, none of the legal arguments now asserted

7  by Defendant are based on recent changes in the law.  As the motion for preliminary injunction was

8  pending for approximately six months, Defendant had ample opportunity to raise the legal

9  arguments and present the evidence it now seeks to introduce.  In sum, Defendant has failed to

10 demonstrate that the court's order was clearly erroneous, that there has been an intervening change

11 of law, that the state of the evidence is substantially different, that other changed circumstances

12 existed, or that manifest injustice will result.  Accordingly, the court will deny the motion to

13 reconsider.[2]

14          With regard to the security amount, the parties agree that the security required to protect

15 Defendant's interests is minimal.[3]  In light of the parties agreement, the court will order Plaintiff to

16 post security in the amount of $1,000.

17          GOOD CAUSE APPEARING, IT IS ORDERED that Plaintiff's Motion for Preliminary

18 Injunction (#28) is GRANTED.  Defendant, including its directors, officers, employees, agents,

19

20          [2]In addition, because Defendant has failed to meet the standard necessary to warrant reconsideration
   of the court's ruling on the motion for preliminary injunction, the court will deny Defendant's request for a
21 hearing and request for expedited discovery.  Nonetheless, the court notes that because the relief sought here
   is preliminary, Defendant is not foreclosed from making the arguments and presenting the evidence contained
22 in the motion to reconsider in subsequent briefs and hearings.

23          [3]Defendant states only minimal security is required because, "Mio USA is not currently distributing
   or selling any of the devices containing software provided by [Plaintiff] . . . ."  (Def.'s Mot. Reconsider (#44)
24 at 12.)  However, Defendant notes that should it seek to distribute or sell devices containing Plaintiff's software
   in the future, it will request permission to re-apply for a significant security bond.
25

26

1    contractors, customers, and others acting in concert with them who have notice of this injunction,

2    are hereby preliminarily enjoined, prohibited, and otherwise restrained from the following:

3            (1) Uploading or copying the following software:

4                    (a) Miomap v3.1 (Cert. No. 000542, File No. Y0800183/1);

5                    (b) Miomap v3.2 (Cert. No. 000543, File No. Y0800184/1); and

6                    (c) Miomap v3.3 (Cert. No. 000544, File No. Y0800185/1) (collectively "Plaintiff's

7                    GPS software")[4];

8            (2) Distributing, selling, or offering to sell, any copy of Plaintiff's GPS software in or from

9            the United States;

10           (3) Distributing, selling, or offering to sell, any electronic device containing Plaintiff's GPS

11           software in or from the United States[5]; and

12           (4) Misappropriating and/or disclosing the licensing agreement and confidential information

13           contained therein.  Specifically, Defendant is not to disclose the following information:

14                   (a) information identifying the scope of the licenses granted to Mio International

15

16

17

---

18           [4]The parties dispute whether additional software, Miomap 2008, should be included in the injunction.
     Apparently, both MiTAC International Corporation, Defendant's parent corporation, and Plaintiff have
19   authored software entitled "Miomap 2008."  Based on the information before the court, it is impossible to tell
     whether MiTAC's Miomap 2008 is a derivative work of Plaintiff's Miomap 2008.  As the party seeking the
20   preliminary injunction, Plaintiff bears the burden of establishing the appropriate scope of the injunction.  At
     this time, Plaintiff has failed to establish that the court should include the "Miomap 2008 " software within the
21   scope of the injunction.  If, at a later time Plaintiff is able to demonstrate that MiTAC's Miomap 2008 is a
     derivative work of Plaintiff's Miomap 2008, Plaintiff may submit such evidence to the court, and the court will
22   modify the preliminary injunction accordingly.

23           [5]The parties agree that the following products do not contain Plaintiff's software and do not fall within
     the scope of the injunction: (1) Moov 200/200c; (2) Moov 210; (3) Moov 300/300c; (4) Moov 310; (5) Moov
24   500; (6) Moov 300x; and (7) Knight Rider GPS by Mio.
             The parties further agree that (1) Defendant is free to perform customer service on devices sold in the
25   United States containing Plaintiff's GPS software and (2) Defendant need not buy back infringing units
     currently in possession of third parties.
26

1    contained on pages 13-14, 22-23, and 26 of the licensing agreement[6];

2    (b) information relating to Plaintiff's business model, including the pricing of licenses,

3    the reporting of sales, the payment of royalties, and Plaintiff's right to audit Mio

4    International's records as set forth in paragraphs 14-19 on page 5 and on pages 16 and

5    17; and

6    (c) information explaining the rights of Mio International in using Plaintiff's intellectual

7    property, the extent to which Plaintiff will indemnify Mio International for use of its

8    intellectual property, and the warranties Plaintiff provided Mio international, as set forth

9    in paragraphs 22-35 on pages 6-8.[7]

10    IT IS FURTHER ORDERED that this preliminary injunction shall not be effective until

11  Plaintiff has provided security in conformance with Federal Rule of Civil Procedure 65(c) in the

12  amount of $1,000 for the payment of such costs and damages as may be incurred or suffered by any

13  party who is found to have been wrongfully enjoined or restrained.

14    IT IS FURTHER ORDERED that Defendant's Motion for Reconsideration (#44) is

15  DENIED.

16    IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (#47) is DENIED.

17    IT IS SO ORDERED.

18    DATED this 14th day of July, 2009.

19
                                                    _____
20                                                   LARRY R. HICKS
                                                    UNITED STATES DISTRICT JUDGE
21

22    [6]These and the remaining page numbers refer to the page numbers as indicated on the licensing
      agreement contained in the court's docket entry number 9, Exhibit A.
23

24    [7]If it becomes necessary for the parties to disclose and cite to these portions of the licensing agreement
      in papers filed with this court, before filing the paper, the parties shall submit a motion to seal the relevant
      document identifying the specific, confidential language to be disclosed. The court has a sealed copy of the
25    licensing agreement before it. (#9, Ex. A.) Rather than re-submitting the licensing agreement to the court, the
26    parties are to cite to this sealed copy of the licensing agreement.